1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MARIA BARROUS, an individual and as
Trustee of the Barrous Living Trust,
DEMETRIOS BARROUS, an individual,
dba Jimmy's Restaurant,

                    Plaintiffs,

        v.

BP P.L.C., BP EXPLORATION AND OIL,
INC., BP PRODUCTS NORTH AMERICA,
INC., BP CORPORATION NORTH
AMERICA, INC., CONOCOPHILLIPS
COMPANY and DOES 1-20, inclusive,

                    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 10-CV-2944-LHK

ORDER GRANTING IN PART AND
DENYING IN PART MOTIONS TO
DISMISS

Presently before the Court are Defendants' motion to dismiss portions of Plaintiffs'

Complaint and Defendants' motion to strike certain damages claims, renoticed as a motion to

dismiss.  Having considered the submissions and arguments of the parties, the Court GRANTS in

part and DENIES in part Defendants' motions to dismiss.

**I.  Background**

        This case arises out of the alleged contamination by British Petroleum (BP) of property

belonging to Plaintiff Maria Barrous and her son, Plaintiff Demetrios Barrous.  Plaintiffs are

owners of a business doing business as Jimmy's Restaurant, and the Barrous Living Trust owns the

1

1   real property ("Jimmy's Property") on which the restaurant is located.  Compl. ¶ 1.  Maria Barrous

2   is trustee of the Trust; Demetrios is a beneficiary.  *Id.*

3         According to Plaintiffs, sometime in the late 1980s, BP acquired a gas station located at

4   3951 Snell Avenue, San Jose, California ("Snell Property"), next to the Jimmy's Property.[1]

5   Compl. ¶ 11.  In the 1980s and 1990s, the Snell Property was subject to environmental

6   investigations concerning the leakage of hazardous materials from underground storage tanks.

7   Compl. ¶ 12.  Based on these investigations, the Santa Clara Valley Water District ("SCVWD")

8   required BP to undertake further investigation, monitoring, and remediation activities.  Compl.

9   ¶ 12; Compl. Ex. B, p. 1.  In 2000, to facilitate these activities, BP entered into an Access

10  Agreement with Plaintiffs "to permit BP to perform investigation, monitoring and remediation

11  activities as required by the Santa Clara Valley Water District."  Compl. Ex. B, p. 1, 11.  Two years

12  later, the State of California brought suit against BP in state court for violations of the California

13  Health and Safety Code based on BP's failure to perform monitoring, testing, and reporting at the

14  Snell Avenue gas station.  Compl. Ex. C ¶¶ 10-11.  BP stipulated to an entry of judgment in that

15  lawsuit that required it to pay fines and to comply with site investigation and cleanup requirements

16  and a corrective action plan for the Snell station.  Compl. Ex. D ¶¶ 5-7.  At some point thereafter,

17  BP assigned its rights and obligations under the Access Agreement to Defendant Conoco Philips

18  Company ("Conoco").  Compl. ¶ 47.

19        In this case, Plaintiffs allege that despite having had access to the Jimmy's Property for ten

20  years, BP and Conoco have failed to remedy the contamination on Plaintiffs' land, thereby causing

21  millions of dollars in losses to Plaintiffs.  They assert fourteen causes of action against the BP

22

23  [1] The BP Defendants in this lawsuit include BP P.L.C., a public limited company located in and
    organized under the laws of the United Kingdom; BP Exploration and Oil, a dissolved corporation;
24  BP Products North America, the successor to BP Exploration and Oil; and BP Corporation North
    America, Inc.  Notice of Removal 3, ECF No. 1.  Plaintiffs allege that BP P.L.C. owns the other BP
25  entities and that the BP Defendants "collectively and/or individually" have legal responsibility for
    Plaintiffs' claims.  Compl. ¶¶ 2-6.  It appears that BP Exploration and Oil originally owned the
26  Snell gas station and entered into the Access Agreement with Plaintiffs, but that BP Products North
    America took over ownership and responsibility for the station after BP Exploration and Oil was
27  dissolved.  *See* Compl. Ex. B, p. 11; Compl. Ex. C.  As it is not always possible to determine based
    on the pleadings which BP entity was responsible for the various actions alleged, the Court
28  frequently refers to the BP Defendants as merely "BP."  Precisely which entities, if any, may be
    held liable for Plaintiffs claims must be determined at a later date.

Case No.: 10-CV-02944-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS

Defendants and Conoco for nuisance, trespass, waste, negligence, breach of contract, breach of the implied covenant of good faith and fair dealing, interference with contractual relations, and declaratory relief.  In the motions currently before the Court, Defendants seek to dismiss Plaintiffs' third and ninth causes of action for waste; fifth and eleventh causes of action for breach of contract; sixth and twelfth causes of action for breach of the implied covenant of good faith and fair dealing; fourteenth cause of action for declaratory relief; and Plaintiffs' claims for diminution in value damages, treble damages, and attorney's fees.

## II. Legal Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008).  While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion to dismiss for failure to state a claim.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  However, a court may consider "material which is properly submitted as part of the complaint." *Id.* at 688 (internal quotation marks omitted).  A document may be considered part of the complaint "if the complaint specifically refers to the document and if its authenticity is not questioned." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled*

3

United States District Court
For the Northern District of California

1    *on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  In this

2    case, Plaintiffs have attached copies of the Access Agreement, the state court complaint by the

3    State of California against BP, and the stipulation for entry of judgment in that case as Exhibits B,

4    C, and D to the Complaint.  Because these documents are referenced in the Complaint and no party

5    has questioned their authenticity, the Court will consider them in ruling on Defendants' motions.[2]

6    **III. Discussion**

7            **A.  Waste (third and ninth causes of action)**

8          In their third and ninth causes of action, Plaintiffs allege that Defendants' conduct

9    constitutes waste.  Compl. ¶¶ 35, 71.  Plaintiffs also seek treble damages under California Code of

10    Civil Procedure § 732 on grounds that Defendants' conduct in committing waste was intentional,

11    willful, and malicious.  Compl. ¶¶ 37, 73.  Defendants argue that Plaintiffs cannot state a claim for

12    waste because such a claim is not actionable against Defendants.  The Court agrees.

13          An action for waste may only be brought against a person who is in possession of property

14    in which the plaintiff has an interest.  61 Cal. Jur. 3d Waste § 1 ("Generally, waste is a species of

15    tort consisting of the destruction, misuse, alteration, or neglect of premises by one lawfully in

16    possession thereof, to the prejudice of the estate or interest therein of another.").  The California

17    Supreme Court has described the function of the action as "to afford protection to concurrent

18    holders of interests in land who were out of possession . . . from harm committed by persons who

19    were in possession."  *Cornelison v. Kornbluth*, 15 Cal. 3d 590, 598, 125 Cal. Rptr. 557 (1975).

20    Waste, therefore, is defined as "conduct (including in this word both acts of commission and of

21    omission) *on the part of the person in possession of land* which is actionable at the behest of, and

22    for protection of the reasonable expectations of, another owner of an interest in the same land."

23    *Cornelison*, 15 Cal.3d at 597-98 (quoting 5 Powell on Real Property § 636, pp. 5-6 (1974))

24    (emphasis added).  *See also Royal Thrift and Loan Co. v. County Escrow, Inc*., 123 Cal. App. 4th

25    24, 20 Cal. Rptr. 3d 37 (Cal. Ct. App. 2004), *disapproved on other grounds by Vandenberg v.*

26    *Superior Court*, 21 Cal. 4th 815, 838, 88 Cal. Rptr. 2d 366 (1999).  This understanding of waste

27

28    _____

[2] The Court finds no need to consider the map of the Jimmy's Property and the Snell Property attached to the Complaint as Exhibit A.

Case No.: 10-CV-02944-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS

1    accords with California Code of Civil Procedure § 732, which lists a "guardian, conservator, tenant

2    for life or years, joint tenant, or tenant in common of real property" as persons who may be liable

3    in treble damages for commission of waste.

4            Plaintiffs argue that waste should not be interpreted inflexibly to apply only to certain types

5    of interests in property.  However, the authority Plaintiffs cite does not suggest that an action for

6    waste may be brought against a Defendant who is not in possession of, or otherwise lacks an

7    interest in, the property at issue.  *See McCord v. Oakland Quicksilver Min. Co.*, 64 Cal. 134, 140

8    (Cal. 1883) (stating that "'waste' is not an arbitrary term to be applied inflexibly" in the context of

9    a waste action brought against a co-tenant in exclusive possession of property).  In this case,

10   Plaintiffs have not alleged that Defendants have lawful possession of the Jimmy's Property or

11   otherwise have an interest in that property.  Indeed, the Access Agreement attached to the

12   Plaintiffs' Complaint explicitly provides BP only a temporary license, "not a grant of easement of

13   any other interest in the Property," Compl., Ex. B ¶ 3, and the Complaint does not allege that

14   Defendants have somehow acquired possession, or some other property interest, through their

15   activities on the land.  The Court thus agrees that Plaintiffs have not stated a claim for waste

16   against Defendants.  Accordingly, the Court GRANTS Defendant's motion to dismiss the third and

17   ninth causes of action with leave to amend.

18                    **B.  Breach of Contract (fifth and eleventh causes of action)**

19           In their fifth and eleventh causes of action, Plaintiffs allege that Defendants breached the

20   Access Agreement in four ways: 1) by failing to promptly remediate the contamination caused to

21   Jimmy's Property; 2) by failing to provide notice to Plaintiff of Defendants' intent to conduct

22   monitoring activities; 3) by BP's assignment of its rights and obligations under the Access

23   Agreement to Conoco without Plaintiffs' consent; and 4) by not remedying the contamination

24   caused by Defendants' conduct.  Compl. ¶¶ 45-48.  Focusing on Plaintiffs' first and fourth

25   allegations of breach, Defendants argue that Plaintiffs cannot state a claim for breach of contract

26

27

28

Case No.: 10-CV-02944-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   because the Access Agreement does not obligate Defendants to conduct remediation in a prompt

2   fashion or indeed to conduct remediation at all.[3]

3        To state a claim for breach of contract under California law, Plaintiff must plead facts

4   establishing the following elements: "(1) existence of the contract; (2) plaintiff's performance or

5   excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the

6   breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239, 70 Cal. Rptr. 3d 667 (Cal.

7   Ct. App. 2008).  Plaintiffs clearly state a claim with respect to their second and third allegations.

8   The Agreement attached to the Complaint requires BP to provide advance notice of its intent to

9   conduct monitoring or remediation activities, Compl. Ex B ¶ 7, and prohibits assignment of rights

10  or obligations under the Agreement without prior written consent, Compl. Ex. B ¶ 26.  Plaintiffs

11  allege Defendants breached these provisions and that the breach caused Plaintiffs damages.

12  Defendants do not dispute the sufficiency of these allegations,[4] and thus the motion must be denied

13  as to these claims.

14       Defendants do, however, dispute the sufficiency of Plaintiffs' allegations that Defendants

15  breached their remediation obligations.  The issue raised by Defendants is essentially one of

16  contract interpretation: whether the terms of the Access Agreement obligated Defendants to

17  conduct remediation promptly or at all.  A court may resolve contractual claims on a motion to

18  dismiss if the terms of the contract are unambiguous. *Bedrosian v. Tenet Healthcare Corp.*, 208

19  F.3d 220 (9th Cir. 2000).  However, what the parties intended by an ambiguous contract is a factual

20  determination, *U.S. v. Plummer*, 941 F.2d 799, 803 (9th Cir. 1991), and thus "[w]here the language

21  'leaves doubt as to the parties' intent,' the motion to dismiss must be denied." *Monaco v. Bear*

22

---

23  [3] In a footnote, Defendants also argue that Plaintiffs cannot state a claim for breach of contract
    against Defendants BP P.L.C., BP Products North America, Inc., and BP Corporation North
24  American, Inc, as only Plaintiffs, BP Exploration and Oil, Inc., and Conoco (as assignee) are
    parties to the contract.  However, Plaintiff alleges that BP P.L.C. owns the other BP Defendants
25  and that the BP Defendants have legal responsibility, collectively or individually, for Plaintiffs'
    claims.  The exact relationship among these entities, and their responsibility under the Access
26  Agreement, is a question of fact that cannot be determined on a motion to dismiss.

27  [4] In their reply brief, Defendants argue that these allegations of breach are "irrelevant as the core
    allegation of the contractual claims is that Defendants did not timely remediate the alleged
28  contamination," but they do not otherwise contest the legal sufficiency of Plaintiffs' allegations.
    Defs.' Reply 8, ECF No. 26.

Case No.: 10-CV-02944-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS

1    *Stearns Residential Mortg. Corp.*, 554 F. Supp. 2d 1034, 1040 (C.D. Cal. 2008) (quoting *Consul*

2    *Ltd. v. Solide Enters., Inc.*, 802 F.2d 1143, 1149 (9th Cir. 1986)); *see also Trustees of Screen*

3    *Actors Guild-Producers Pension and Health Plans v. NYCA, Inc.*, 572 F.3d 771, 777 (9th Cir.

4    2009).

5            In this case, the Court finds that the contract is unambiguous in imposing no requirement

6    that Defendants undertake any particular remediation.  Although the Access Agreement certainly

7    contemplates that remediation will take place, the Agreement clearly leaves the determination of

8    what remediation is required and how that remediation should proceed to the Santa Clara Valley

9    Water District ("SCVWD").  The Agreement refers to "remediation activities as required by the

10   Santa Clara Valley Water District," Compl. Ex. B ¶ at p. 1, and describes the remediation activities

11   as involving the installation of wells "as required by SCVWD."  Compl. Ex. B, ¶ 2.  The

12   Agreement also clearly contemplates that SCVWD, not Plaintiffs or the Agreement, will determine

13   the extent of remediation required.  *See* Compl. Ex. B ¶ B at p. 1 ("BP will extract groundwater . . .

14   until such times as the SCVWD determines that the groundwater contamination under the Property

15   has been abated."); *id.* ¶ 30 (tolling "shall continue until completion of the Monitoring Activities

16   and Remediation Activities as determined by the SCVWD").  Thus, although the Defendants

17   appear to have some obligation to investigate or remediate contamination based on the stipulation

18   in the 2002 state court action, the Access Agreement does not create an independent obligation that

19   Plaintiffs can enforce.  Accordingly, Plaintiffs cannot state a claim for breach of contract based on

20   Defendants' failure to remedy the contamination.  Moreover, because the Court finds no obligation

21   to perform or complete remediation in the Agreement, it follows that Defendants were not

22   obligated "to remedy in a prompt fashion any contamination [they] caused to Plaintiff's property."

23   Compl. ¶¶ 45, 81.

24           Accordingly, the Court DENIES Defendants' motion to dismiss Plaintiffs' claims that

25   Defendants breached the Access Agreement by failing to provide notice of intent to conduct

26   monitoring activities and by assigning the rights and obligations under the Access Agreement

27   without Plaintiffs' consent.  The Court GRANTS Defendants' motion to dismiss Plaintiffs' claims

28   for breach of contract based on Defendants' failure to remedy the contamination or to promptly

**United States District Court**
For the Northern District of California

7

1   undertake remediation.  To the extent the Court has found Plaintiffs' allegations insufficient, the

2   Court grants leave to amend.

3   **C.  Breach of the Implied Covenant of Good Faith and Fair Dealing (sixth and**

4   **twelfth causes of action)**

5          California law recognizes that "every contract contains an implied covenant of good faith

6   and fair dealing that neither party will do anything which will injure the right of the other to receive

7   the benefits of the agreement." *Wolf v. Walt Disney Pictures and Television*, 162 Cal. App. 4th

8   1107, 1120, 76 Cal. Rptr. 3d 585 (Cal. Ct. App. 2008).  The scope of the implied covenant is

9   "circumscribed by the purposes and express terms of the contract," *Carma Developers (Cal.), Inc.*

10  *v. Marathon Development California, Inc.*, 2 Cal. 4th 342, 826 P.2d 710 (1992), and it "cannot

11  impose substantive duties or limits on the contracting parties beyond those incorporated in the

12  specific terms of their agreement." *Agosta v. Astor*, 120 Cal. App. 4th 596, 607, 15 Cal. Rptr. 3d

13  565 (Cal. Ct. App. 2004).  However, breach of an express contractual provision is not a necessary

14  prerequisite to a claim for breach of the implied covenant. *Brehm v. 21st Century Ins. Co.*, 166

15  Cal. App. 4th 1225, 1235-36, 83 Cal. Rptr. 3d 410 (Cal. Ct. App. 2008).  Rather, "the covenant is

16  implied as a supplement to the express contractual covenants, to prevent a contracting party from

17  engaging in conduct which (while not technically transgressing the express covenants) frustrates

18  the other party's rights to the benefits of the contract." *Love v. Fire Ins. Exchange*, 221 Cal. App.

19  3d 1136, 1153, 271 Cal. Rptr. 246 (Cal. Ct. App. 1990).

20         In this case, the Court finds that Plaintiffs' allegations are not specific enough to allow the

21  Court to draw a reasonable inference that Defendants are liable for breach of the implied covenant.

22  *See Iqbal*, 129 S.Ct. at 1949.  Plaintiffs allege that BP breached the implied covenant of good faith

23  and fair dealing by "unfairly interfering with the benefits Plaintiff expected to receive under this

24  agreement, including, but not limited to, [Defendants'] failure to timely remedy the contamination

25  caused on Plaintiff's property." Compl. ¶¶ 53, 88.  What Plaintiffs mean by this allegation is not

26  entirely clear.  If they contend that Plaintiff expected to receive a benefit of timely remediation

27  under the Access Agreement and that Defendants' interfered with this benefit by failing to timely

28  remedy the contamination, their claim must fail.  The Court has already concluded that no express

8

1    contractual provision requires Defendants to undertake any specific remediation or to complete

2    such remediation by a specified date, and the implied covenant cannot create a substantive duty

3    beyond that expressly required by the Agreement.

4         On the other hand, the fact that the Agreement imposes no independent obligation on

5    Defendants to perform remediation does not necessarily foreclose a claim for breach of the implied

6    covenant.  If, instead, Plaintiffs contend that Defendants delayed in performing remediation

7    activities required by SCVWD and that this delay interfered with some other benefit expressly

8    conferred by the contract, they may be able to state a claim.  As pleaded in the Complaint,

9    however, Plaintiffs do not allege any benefit expressly conferred by the Agreement with which

10   Defendants' conduct has interfered.  Without greater specificity in Plaintiffs' allegations, the Court

11   cannot draw a reasonable inference that Defendants are liable for breach of the implied covenant

12   and thus cannot conclude that Plaintiffs have stated a plausible claim for relief.  Accordingly, the

13   Court GRANTS Defendants' motion to dismiss Plaintiffs' sixth and twelfth causes of action for

14   breach of the implied covenant of good faith and fair dealing with leave to amend.

15              **D.  Declaratory Relief (fourteenth cause of action)**

16        In their fourteenth cause of action, Plaintiffs seek a declaration of the parties' respective

17   legal obligations and an order enforcing those obligations.  Compl. ¶ 98.  To state a claim for

18   declaratory relief, the complaint must "set[] forth facts showing the existence of an actual

19   controversy between the parties relating to their respective legal rights and duties and requests that

20   these rights and duties be adjudged."  *Qualified Patients Ass'n v. City of Anaheim*, 187 Cal. App.

21   4th 734, 115 Cal. Rptr. 3d 89, 103 (Cal. Ct. App. 2010).  Declaratory relief generally "operates

22   prospectively, and not merely for the redress of past wrongs," *Gafcon, Inc. v. Ponsor & Associates*,

23   98 Cal. App. 4th 1388, 1403, 120 Cal. Rptr. 2d 392 (Cal. Ct. App. 2002), and should not be used to

24   determine issues that are already "fully engaged by other causes of action."  *Hood v. Superior*

25   *Court*, 33 Cal. App. 4th 319, 324, 39 Cal. Rptr. 2d 296 (Cal. Ct. App. 1995).

26        Defendants argue that Plaintiffs fail to state a claim for declaratory relief because such relief

27   would be duplicative of the main causes of action.  However, in this case, the parties have an

28   ongoing contractual relationship, and Plaintiffs have demonstrated that an actual controversy exists

**United States District Court**
For the Northern District of California

9

**United States District Court**
For the Northern District of California

1    as to the parties' rights and duties under that contract.  While Plaintiffs have raised other claims

2    arising under the contract, it is too early to determine whether the resolution of those claims will

3    fully clarify the parties' rights and obligations under the contract going forward, and not merely in

4    relation to Defendants' past conduct.  Accordingly, the Court DENIES Defendants' motion to

5    dismiss Plaintiffs' fourteenth cause of action for declaratory relief.

6    **E.  Renoticed Motion to Strike**

7         Also before the Court is Defendants' renoticed Motion to Strike Plaintiffs' claims for treble

8    damages, attorney's fees, and damages for diminished value of property on grounds that such relief

9    is unrecoverable as a matter of law.  Defendants filed this motion on August 18, 2010, as a motion

10   to strike.  On August 17, 2010, however, the Ninth Circuit decided *Whittlestone, Inc. v. Handi-*

11   *Craft Company*, No. 09-16353, 2010 WL 3222417 (9th Cir. 2010), which held that Rule 12(f) does

12   not authorize a district court to strike claims for damages on the ground that such claims are

13   precluded as a matter of law.  Accordingly, on September 10, 2010, Defendants renoticed the

14   motion to strike as a Rule 12(b)(6) motion to dismiss, without changing any of the substance of the

15   motion.[5]  Plaintiffs now oppose the renoticed motion both on the merits and as untimely filed.

16        As Defendants note, since *Whittlestone* was decided, other district courts within the Ninth

17   Circuit have converted motions to strike into motions to dismiss.  *See Endurance American*

18   *Specialty Ins. Co. v. Lance-Kashian & Co.*, No. CV F 10-1284, 2010 WL 3619476, at *1 n.1 (E.D.

19   Cal. Sept. 13, 2010) (treating motion to strike as motion to dismiss after defendants raised

20   *Whittlestone* in their reply brief); *Wagner v. Kona Blue Water Farms, LLC*, No. 09-00600, at *1

21   (D. Haw. Sept. 13, 2010) (issuing revised order after parties stipulated to treat previously briefed

22   motion to strike as motion to dismiss).  In this case, Defendants renoticed the motion to strike as a

23   motion to dismiss 32 days before the hearing, three days later than required by Local Rule 7-2.

24   However, the renotice did not change the substance of the original motion, which was filed a full

25   55 days in advance of the hearing.  The Court therefore finds that it may consider the motion

26

27   _____
     [5] Defendants apparently asked Plaintiffs to stipulate that the motion could still be heard as
     scheduled on October 12, 2010, but Plaintiffs were not able to respond to the request before
28   Defendants renoticed the motion.  Decl. of Steven A. Ellenberg in Supp. of Pls.' Opp'n to Defs.'
     Re-Titled Mot. to Dismiss ("Ellenberg Decl.") 1, ECF No. 24.

10

Case No.: 10-CV-02944-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS

1    without prejudice to Plaintiffs and will follow other courts in this Circuit that have converted

2    motions to strike into motions to dismiss.

### 1. Claim for Diminution in Value Damages

4            First, Defendants seek to dismiss Plaintiffs' claim for diminution in value damages on

5    grounds that such damages are not available for claims of continuing nuisance and trespass.  *See*

6    *F.D.I.C. v. Jackson-Shaw Partners No. 46, Ltd.*, 850 F. Supp. 839, 843 (N.D. Cal. 1994) ("a

7    plaintiff bringing causes of action for continuing trespass or continuing nuisance cannot recover

8    prospective damages").  Plaintiffs do not explicitly request diminution of value damages in their

9    prayer for relief.  Nevertheless, Defendants argue that language in Paragraph 20 of the Complaint

10   amounts to a request for diminution in value damages.  Paragraph 20 reads, in relevant part: "The

11   failure of BP to clean up its pollution on Jimmy's Property has prevented Plaintiff from

12   maximizing the value of its real property causing plaintiff millions of dollars in damages."  Compl.

13   ¶ 20.  This language appears in the section of the Complaint entitled "Common Factual

14   Allegations" and is not associated with any particular cause of action or prayer for relief.  Although

15   Plaintiffs specifically assert an entitlement to punitive damages, Compl. ¶¶ 26, 62, exemplary

16   damages, Compl. ¶ 32, 68, and treble damages, Compl. ¶¶ 37, 73, Plaintiffs do not refer to

17   diminution of value damages anywhere in the Complaint.  The Court therefore agrees that

18   Plaintiffs have not specifically characterized the damages they seek and that Plaintiffs' general

19   allegations of damages are sufficient at this stage in the proceedings.  *Jenkins v. Commonwealth*

20   *Land Title Ins. Co.*, 95 F.3d 791, 799 (9th Cir. 1996) (finding allegations that plaintiff "sustained

21   special and general damages" sufficient to withstand a motion to dismiss).  Accordingly, the Court

22   DENIES Defendants' motion to dismiss Plaintiffs' claims for diminution of value damages.

### 2. Claims for Treble Damages and Attorney's Fees

24           Defendants also seek to dismiss Plaintiffs' claims for treble damages and attorney's fees.

25   Plaintiffs do not address these claims in their opposition.  As to the claim for treble damages,

26   Plaintiffs seek such damages in connection with their claims for waste, which this Court has

27   determined must be dismissed with leave to amend.  Accordingly, Plaintiffs claim for treble

28   damages must also be dismissed with leave to amend.  As to the claim for attorney's fees, Plaintiffs

11

United States District Court
For the Northern District of California

1  conceded at the motion hearing that they have not alleged any basis for attorney's fees and agreed

2  to withdraw this claim.  Thus, the Court GRANTS Defendants' motion to dismiss Plaintiffs' claims

3  for treble damages and attorney's fees.

4  **IV. Conclusion**

5        For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendants'

6  motions to dismiss, as follows:

7      1)  Defendants' motion to dismiss the third and ninth causes of action for waste is GRANTED

8          with leave to amend;

9      2)  Defendants' motion to dismiss the fifth and eleventh causes of action for breach of contract

10          is GRANTED with leave to amend as to the claims for breach of Defendants' obligation to

11          remediate and to remediate promptly; and DENIED as to claims for breach of the provision

12          requiring advance notice of intent to conduct remediation or investigation and the provision

13          prohibiting assignment of the Agreement;

14      3)  Defendants' motion to dismiss the sixth and twelfth causes of action for breach of the

15          implied covenant is GRANTED with leave to amend;

16      4)  Defendants' motion to dismiss the fourteenth cause of action for declaratory relief is

17          DENIED;

18      5)  Defendants' motion to dismiss the claim for diminution in value damages is DENIED;

19      6)  Defendants' motion to dismiss the claims for treble damages and attorney's fees is

20          GRANTED with leave to amend.

21  Plaintiffs shall file an amended Complaint, if any, within 30 days of this order.

22  **IT IS SO ORDERED.**

24  Dated: October 13, 2010                    *Lucy H. Koh*

25                                 LUCY H. KOH
                               United States District Judge